# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KELVIN WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-106 |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS COMMISSIONER; DR. CHEN; ENDOCRINOLOGIST 2-DR. X; DR. ALETA GARDNER; P.A. COOPER; CHRONIC CARE NURSE X; DEPUTY WARDEN SMITH; TERRI YARBROUGH; SMITH STATE PRISON HEALTH CARE SERVICES; LIBRARIAN X; and SGT. NOVY, all in their individual and official capacities, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order of April 26, 2017, to file an appropriate Amended Complaint. (Doc. 22.) For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, (doc. 1), **without prejudice** for Plaintiff's failure to follow this Court's Orders and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

In his Complaint, Plaintiff attempted to assert a myriad of conditions of confinement claims on behalf of several other inmates. (Doc. 1.) Plaintiff also moved to proceed *in forma pauperis* in this Court. (Doc. 2.) In granting Plaintiff's Motion, the Court informed Plaintiff that

the other inmates listed as Plaintiffs in his Complaint could not proceed together in this cause of action. (Doc. 5, p. 1 n.1.) The Court then informed Plaintiff that the allegations in his Complaint were unrelated to each other. Specifically, the Court advised Plaintiff that his deliberate indifference to serious medical needs, religious infringement, lack of access to legal materials, and understaffing claims were not related to each other. (Doc. 14, p. 4.) The Court provided Plaintiff with the opportunity to amend his Complaint and deferred conducting the requisite frivolity review until Plaintiff submitted his Amended Complaint. (Id.) The Court provided instructions to Plaintiff as to how to amend his Complaint properly. Additionally, the Court forewarned Plaintiff that his failure to file an appropriate Amended Complaint could result in the dismissal of this action for failure to prosecute and failure to follow this Court's Orders. (Id. at pp. 4–5 (citing Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).) The Court granted the portion of Plaintiff's Motion for miscellaneous relief in which Plaintiff sought an extension of time to file an Amended Complaint. (Doc. 15, p. 4.) The Court directed Plaintiff to file an Amended Complaint within twenty-one (21) days of its Order. (Doc. 19.)

Plaintiff then filed another Motion for Extension of Time to file his Amended Complaint. (Doc. 20.) On April 26, 2017, the Court granted Plaintiff's Motion and provided him with an additional thirty (30) days in which to file a proper Amended Complaint. The Court laid out specific instructions to Plaintiff as to how he should amend his Complaint and as to the content

of his Amended Complaint. (Doc. 22.) However, the Court warned Plaintiff that any future motions for extension of time might not be granted except upon a showing of good cause. (Id. at p. 4.) The Court also forewarned Plaintiff that his failure to submit a proper Amended Complaint could result in the dismissal of this cause of action based on his failure to follow a Court Order and failure to prosecute. (Id.) The Clerk of Court mailed that Order to Plaintiff at his listed address. That Order was not returned to the Court, and the Court has received no notification that this Order did not otherwise reach Plaintiff.

Instead, Plaintiff filed a pleading objecting to the Magistrate Judge's exercise of jurisdiction. (Doc. 23.) Plaintiff maintains that the Magistrate Judge has acted in collusion with the Defendants because no frivolity review of his Complaint has been had. (Id. at p. 2.) Plaintiff also states he has not consented to the Magistrate Judge's jurisdiction.[1] (Id. at p. 3.)

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I. Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), or the court's inherent authority to manage its

---

[1] The Magistrate Judge has the power to hear matters by statute and as assigned by the presiding District Judge. 28 U.S.C. § 636. Nothing in this statute requires a prisoner-plaintiff to consent to a Magistrate Judge conducting initial frivolity reviews of complaints or entering orders on non-dispositive matters. Thus, the Court **OVERRULES** Plaintiff's "Objection". Additionally, the reason the Court has not conducted the requisite frivolity review of Plaintiff's Complaint is that Plaintiff has failed to abide by the Court's directives to file a proper Amended Complaint.

docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Plaintiff was forewarned that his failure to file an appropriate Amended Complaint could result in the dismissal of his cause of action for failure to prosecute and failure to follow this Court's Orders. (Doc. 22, p. 4.)

afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Plaintiff having failed to file an Amended Complaint setting forth claims that arose from the same transaction or occurrence or series of related transactions or occurrences, the Court is unable to move forward with this case. Additionally, Plaintiff was given ample time to follow the Court's directives, and Plaintiff has not made any effort to do so or to inform the Court as to why he cannot comply with its directives. Indeed, the only action Plaintiff has taken in response to the Court's Order is to file his Objection to the Magistrate Judge's exercise of jurisdiction.

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, (doc. 1), for failure to prosecute and failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to enter the appropriate judgment of

dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA